**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

IN THE NAME OF THE UNITED
STATES FOR THE USE OF
BRAZO TRUCKING, INC., a Florida
corporation,

Plaintiff,

vs. Case No.:

HARTFORD CASUALTY INSURANCE
COMPANY,
a foreign profit corporation
ADVON CORPORATION, a Florida
profit corporation, and SOUTHLAND, LLC,
a Florida limited liability company,

Defendants.
____________________________________/

**COMPLAINT**

Plaintiff, BRAZO TRUCKING, INC., a Florida corporation (hereinafter, "Plaintiff"), by and through the undersigned counsel, hereby sues Defendants, HARTFORD CASUALTY INSURANCE COMPANY, a foreign profit corporation (hereinafter "Hartford"), ADVON CORPORATION, a Florida profit corporation (hereinafter "Advon"), and SOUTHLAND, LLC, a Florida limited liability company (hereinafter "Southland"), (hereinafter, collectively, "Defendants"), and alleges as follows:

**JURISDICTIONAL ALLEGATIONS**

1. Plaintiff is a Florida limited liability company.

2. Advon is a Florida profit corporation.

3. Southland is a Florida profit limited liability company.

4. Hartford is a foreign profit corporation which is authorized to conduct, and does conduct, business in the State of Florida. Hartford has engaged, and regularly engages, in substantial and not isolated activity within the State of Florida as a surety and has a registered agent located in Florida. Accordingly, the exercise of personal jurisdiction over Hartford does not offend traditional notions of fair play and substantial justice and otherwise comports with due process under the United States Constitution and Florida law.

5. This Court has subject matter jurisdiction as this involves a claim against a payment bond on a federal project pursuant to the Miller Act (Count I), which is a Federal question pursuant to 28 U.S.C §1331.

6. This Court has supplemental jurisdiction over the parties and Counts II – V pursuant to 28 U.S.C §1336 because they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.

7. Venue is proper in the Middle District of Florida, as the location of the real property at issue in this action in Hillsborough County, Florida.

8. All conditions precedent to the filing of this action have been performed, have otherwise occurred, or have been waived.

**COUNT I – ACTION ON BOND**
**(Against Hartford)**

9. This is an action against Hartford pursuant to 40 U.S. Code § 3133 for damages over which this Court has jurisdiction

10. Plaintiff re-alleges and incorporates paragraphs one through eight, above, as if recited in full herein.

11. The Veterans Administration Hospital (hereinafter, "The VA") is and was at all time relevant, the owner of the property located at 13000 Bruce B Downs Blvd., Tampa, Florida

(the "Property"), more thoroughly described by that Special Warranty Deed in the Official Records of Hillsborough County Florida, Book 1485, Page 77, that is hereby incorporated by this reference.

12. Sometime prior to September 16, 2025, The VA entered into a prime contract with Advon as general contractor to provide construction labor, services, and materials to the Property (the "Project").

13. On December 13, 2023, Advon, as principal, executed a payment bond with Hartford, as the surety, Bond Number 21BCSJC6222 (the "Bond"), which bond was issued pursuant to the Miller Act, 40 U.S.C. §3131(b)(2). A true and correct copy of the Bond is attached hereto as **Exhibit A**

14. Sometime prior to September 16, 2025, Advon entered into a subcontract with Southland to provide labor, services, and materials for the Project.

15. Sometime prior to September 16, 2025, Southland orally entered into a sub-subcontract (the "Agreement") with Plaintiff for dirt fill and hauling labor, services, and materials. The Agreement was memorialized in the invoices attached hereto as **Composite Exhibit B**.

16. Within the Agreement, Plaintiff and Southland had agreed upon two main pricing units: hours spent on the project and by truck load of dirt. The hourly rate was $80.00 per hour, whereas the rate at which each truck load of dirt would be charged would vary between $220.00, $260.00, and $320.00 per truck load, depending on where the dirt was being sourced from. <u>See</u> **Composite Exhibit B**.

17. Plaintiff first supplied labor, services, and materials to the Project on September 16, 2025, and Plaintiff provided the last of the same on October 1, 2025.

18. All of the labor, services, and materials that were incorporated into the Property were done in accordance with the Agreement.

19. On October 30, 2025, Plaintiff served its Notice to Contractor. A true and correct copy of the Notice to Contractor is attached hereto as **Exhibit C**.

20. Plaintiff is owed the principal amount of TWENTY-TWO THOUSAND TWO HUNDRED FORTY and 00/100 ($22,240.00) DOLLARS for the labor, services, and materials it provided to the Project, which amount remains due and unpaid.

21. Despite demands for payment by Plaintiff, Advon and Southland have failed and refused to pay the same.

22. On December 23, 2025, Plaintiff sent an Notice of Nonpayment, which included a request pursuant to 40 U.S. Code § 3133, to Advon, Southland, Hartford, and The VA. A true and correct copy of the Notice of Nonpayment is attached hereto as **Exhibit D**.

23. Plaintiff has commenced this lawsuit within one year of the final furnishing of labor, services, and materials.

24. Plaintiff has performed all conditions precedent and statutory perquisites under the contract and under applicable law, and is entitled to recover the full amount due and owing.

25. The principal sum of $22,240.00 is due and owing on the bond and although demand has been made, Advon and Southland have failed and refused to pay the same.

26. Plaintiff has performed all conditions precedent and statutory prerequisites under the contract, under the bond, and under the applicable law, it is entitled to recover the full amount due and owing.

**WHEREFORE**, Plaintiff hereby prays this Honorable Court:

a) Adjudicate that Hartford, as surety, is liable under the bond for the amount of Plaintiff's claim and the incidents thereof including attorneys' fees, court costs and interest;

b) Adjudicate the Plaintiff is entitled to such other and further relief as the Court shall deem just, equitable and proper.

**COUNT II - BREACH OF CONTRACT**
**(Against Southland)**

27. This is an action against Southland for breach of contract for damages which this Court has supplemental jurisdiction.

28. Plaintiff re-alleges and incorporates paragraphs one through eight, eleven, twelve, and fourteen through twenty-one, above, as if recited in full herein.

29. Sometime prior to September 16, 2025, Plaintiff orally entered the Agreement with Southland for Plaintiff to provide certain labor, services and materials related to the improvement of the Project.

30. All of the labor, services and materials Plaintiff provided were incorporated into the Property and were in accordance with the Agreement.

31. Plaintiff is owed the principal amount of $22,240.00 for the labor, services and materials it provided to the Project, which amount remains due and unpaid. See **Composite Exhibit B**.

32. Plaintiff performed under the terms of the Agreement and is entitled to payment for the labor, services and materials it provided to the Property.

33. Despite demands for payment by Plaintiff, Southland has failed and refused to pay the same.

34. Southland breached the Agreement by failing to remit the amounts owed and as a result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff demands judgment against Southland for damages, court costs, and interest, plus such other and further relief as the Court deems just and proper.

**COUNT III – UNJUST ENRICHMENT**
**(Against Southland)**

35. This is an action plead in the alternative for unjust enrichment against Southland for damages over which this Court has jurisdiction.

36. Plaintiff re-alleges and incorporates paragraphs one through eight, twelve, and fourteen, above, as if recited in full herein.

37. Plaintiff furnished labor, services and materials for the improvement of the Project that is the subject of this action.

38. Southland knowingly and voluntarily accepted the benefit from the labor, services and materials provided by Plaintiff.

39. Southland has realized and appreciated the benefit of the labor, services and materials provided by Plaintiff.

40. Southland should expect to pay Plaintiff the reasonable value of the labor, services and materials provided by Plaintiff for the benefit of Southland.

41. Southland will be unjustly enriched if Southland is not required to pay Plaintiff the reasonable value of the labor, services and materials it provided for the benefit of Southland.

42. Plaintiff has no adequate remedy at law.

**WHEREFORE**, Plaintiff demands judgment against Southland for damages, court costs, and interest, plus such other and further relief as the Court deems just and proper.

**COUNT IV – QUANTUM MERUIT**
**(Against Southland)**

43. This is an action plead in the alternative for quantum meruit against Southland for damages over which this Court has jurisdiction.

44. Plaintiff realleges and reincorporates paragraphs one through eight, twelve, and fourteen, above, as if recited fully herein.

45. Plaintiff furnished labor, services and materials for the improvement of the Project that is the subject of this action at the direction of Southland.

46. Southland acquiesced in the provision of labor, services and/or materials by Plaintiff.

47. Southland was aware that Plaintiff expected to be compensated for the labor, services and materials Plaintiff provided for the benefit of Southland.

48. Southland should expect to pay Plaintiff the reasonable value of labor, services and materials provided by Plaintiff for the benefit of Southland.

**WHEREFORE**, Plaintiff demands judgment against Southland for damages, court costs, and interest, plus such other and further relief as the Court deems just and proper.

**COUNT V – UNJUST ENRICHMENT**
**(Against Advon)**

49. This is an action plead in the alternative for unjust enrichment against Advon for damages over which this Court has jurisdiction.

50. Plaintiff re-alleges and incorporates paragraphs one through eight, and twelve, above, as if recited in full herein.

51. Plaintiff furnished labor, services and materials for the improvement of the Project that is the subject of this action.

52. Advon knowingly and voluntarily accepted the benefit from the labor, services and materials provided by Plaintiff.

53. Advon has realized and appreciated the benefit of the labor, services and materials provided by Plaintiff.

54. Advon should expect to pay Plaintiff the reasonable value of the labor, services and materials provided by Plaintiff for the benefit of Advon.

55. Advon will be unjustly enriched if Advon is not required to pay Plaintiff the reasonable value of the labor, services and materials it provided for the benefit of ADVON.

56. Plaintiff has no adequate remedy at law.

**WHEREFORE**, Plaintiff demands judgment against Advon for damages, court costs, and interest, plus such other and further relief as the Court deems just and proper.

**JONES LAW GROUP**

By: *<u>/s/ Robert S. Jones, II</u>*
ROBERT S. JONES, II, ESQ.
FBN: 725196
5622 Central Avenue
St. Petersburg, Florida 33707
Phone: (727) 571-1333
Fax: (727) 573-1321
Primary E-Mail: Distribution@JLGtampabay.com
*Counsel for Plaintiff*